## Commonwealth v. Bittner.

*Violation of liquor law—Imposition of costs—When stricken off—Duty of grand jury.*

1. A grand jury is not authorized to determine the guilt or innocence of the accused or to pass upon the credibility of the testimony presented before them, but only to determine whether the evidence is sufficient to warrant a trial by a petit jury.

2. Where such evidence is sufficient, the action of the grand jury in imposing costs upon a member of the State Police will be set aside.

Rule to strike off imposition of costs by grand jury. Q. S. Lancaster Co., Jan. Sess., 1925, No. 31.

*Joseph B. Wissler*, District Attorney, for rule; *J. Andrew Grantz*, contra.

LANDIS, P. J.—The charge made against the defendant was one for violating the liquor laws, and, after a hearing before the grand jury, it was returned "Not a true bill, with costs against John Leggoe." We are now asked to strike off this finding.

Depositions, which are not disputed, were taken in the case, whereby it appeared that, on Nov. 25, 1924, Leggoe, in company with one Claire Alexander, went to the home of Paul Bittner, situated near the Pennsylvania Low Grade Railroad, about two and a-half miles south of Fowler's Mill, and when the defendant came to the door, they stated that they were from Lancaster and would like to get something to drink. After considerable talk, Bittner went away and came back with a quart of liquor, which he sold to them for $3. A sample of this liquor was analyzed by Chemist J. E. Goodell and was found to contain 42½ per cent. alcohol. Leggoe and Alexander were sent to this place by Sergeant Boettner of the State Police to investigate certain reports which had come in. This testimony was presented before the grand jury.

It is not the province of the grand jury to determine the guilt or innocence of the accused; nor was it their business to pass upon the credibility of the testimony presented before them. They were only authorized to say whether sufficient evidence had been adduced before them to warrant a trial of the defendant before a petit jury. Therefore, as the testimony taken in the depositions is uncontradicted, we must consider it as having been presented before the grand jury, and, if it was, then the costs should not have been imposed by them upon Leggoe.

For this reason, we are of opinion that the rule should be made absolute.

Rule made absolute.          From George Ross Eshleman, Lancaster Pa.